IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dajaun Saunders,
                    Petitioner

        v.

Pennsylvania Parole Board,
                    Respondent

:
:
:
:
:
:
:
:

No. 248 C.D. 2021
Submitted: February 18, 2022

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                              FILED: April 13, 2022

Dajaun Saunders (Saunders) petitions for review of the Pennsylvania Parole Board's (Board) March 24, 2021 decision denying his request for administrative relief. Sarah B. Stigerwalt-Egan, Esq. (Counsel), Saunders' court-appointed counsel, has filed an application to withdraw on the basis that the appeal lacks merit. We deny Counsel's application without prejudice and order Counsel to file a new application to withdraw and an amended no-merit letter, or an advocate's brief, within 30 days.

An extensive background discussion is unnecessary for disposition. Briefly, Saunders pleaded guilty to possession with intent to deliver a controlled substance and criminal use of a communication facility. On December 8, 2017, the Court of Common Pleas of Lackawanna County (trial court) sentenced Saunders to two to four years of imprisonment followed by one year of probation, resulting in a maximum sentence date of July 19, 2021. On November 28, 2018, Saunders was released to boot camp on parole and assigned to a halfway house. On December 13,

2018, Saunders fled from the halfway house and was also involved in a domestic incident. On December 14, 2018, the Board declared Saunders delinquent.

The police eventually arrested Saunders on April 11, 2019 and charged him with various offenses stemming from the domestic incident. On May 1, 2019, the Board recommitted Saunders as a technical parole violator and calculated Saunders' new maximum sentence date as November 15, 2021.[1]

As a result of the domestic incident, Saunders pleaded guilty to simple assault. On January 7, 2020, the trial court sentenced Saunders to one to two years of imprisonment. On February 24, 2020, the Board recommitted Saunders as a convicted parole violator to serve 15 months of backtime, with a new maximum sentence date of August 28, 2022.

On March 14, 2020, Saunders timely filed for administrative relief with the Board, and the Board denied relief in a decision that was mailed on March 24, 2021. Meanwhile, on March 5, 2021, Saunders *pro se* filed a petition for review with this Court, in part challenging the Board's calculation of his new maximum sentence date. On April 1, 2021, Saunders filed an application to proceed *in forma pauperis*. Upon review, we granted Saunders' application, appointed Counsel, and ordered that his petition for review "be treated as a petition for review" from the Board's March 24, 2021 decision. Order, 4/9/21. *Cf. Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 514-15 (Pa. Super. 1995) (*en banc*) (holding that the Court may entertain an appeal in which an appellant prematurely filed a notice of appeal before the trial court entered judgment).

---

[1] Contrary to Counsel's brief, *see* Counsel's Br. at 10, Saunders waived the violation hearing. *See* Violation/Detention Report, 4/24/19, at 1.

2

On October 14, 2021, Counsel filed an application to withdraw as counsel under *Anders v. California*, 386 U.S. 738 (1967). Counsel averred that she furnished a copy of the brief to Saunders and advised him of the right to retain new counsel or raise any additional points he deems worthy.

Counsel's brief raises three issues. First, Saunders argues that the Board incorrectly revoked his credit for time spent at liberty on parole. Second, Saunders asserts that because the Board ordered him to serve an additional 15 months in prison, he is serving 2 sentences for the same offense, which violates his right against double jeopardy. Finally, Saunders claims the Board illegally extended his maximum sentence from two years to three to four years of imprisonment. Saunders did not file a *pro se* brief or a counseled brief with new counsel.

As a preliminary matter, we address Counsel's petition to withdraw under *Anders* and whether Counsel complied with its requirements.

In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that "where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a petitioner in an appeal of a determination of the Board should file an *Anders* brief." *Hughes*, 977 A.2d at 25. An *Anders* brief is required only when a petitioner appeals from a decision revoking parole. *Id.* at 26. In all other cases, counsel must file a no-merit letter. *Id.* In *Hughes*, the petitioner asserted that the Board held an untimely parole revocation hearing and failed to recalculate his maximum sentence date correctly. *Id.* The *Hughes* Court therefore reasoned that the petitioner's counsel only had to file a *Turner/Finley*[2] or no-merit letter. *Id.*

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Here, because Saunders raises issues related only to the recalculation of his maximum sentence date, he has no constitutional right to counsel. *See id.* Therefore, Counsel was only required to file a no-merit letter. *See id.* Counsel, however, filed an *Anders* brief, but we decline to deny Counsel's application to withdraw on that basis alone. *See id.* at 26 n.4 (stating, "we will not deny an application to withdraw simply because an attorney has filed an *Anders* brief where a no-merit letter would suffice"); *Seilhamer v. Pa. Bd. of Probation & Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010) (noting Court may accept an *Anders* brief when a *Turner/Finley* letter would suffice).

We next address whether Counsel has complied with the requirements for seeking leave to withdraw under *Turner/Finley*. A *Turner/Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, *explaining why and how those issues lack merit*, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted and emphasis added). Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). In *Zerby*, the counsel's no-merit letter failed to "include substantial reasons for concluding that" the petitioner's claims were meritless. *Id.* at 962 (cleaned up). Because the counsel's letter did not comply with *Turner/Finley*, the *Zerby* Court denied counsel's petition to withdraw without prejudice and directed counsel to file (1) a new application to withdraw and no-merit letter, or (2) an advocate's brief.

Instantly, Counsel's brief claims that the Board incorrectly revoked Saunders' time spent at liberty on parole prior to being classified as a technical

4

parole violator. Counsel's Br. at 13. Counsel's brief also reasons that because Saunders served time in prison as a technical parole violator, the Board erred by revoking that time. *Id.* at 14-15. Counsel, however, did not explain why and how these arguments lack merit. Identical to the *Zerby* Court, we similarly deny Counsel's petition to withdraw without prejudice, and direct Counsel to file, within 30 days, (1) a renewed application to withdraw and an amended no-merit letter, or (2) an advocate's brief.[3] *See Zerby*, 964 A.2d at 960.

_____
LORI A. DUMAS, Judge

_____

[3] Counsel's arguments for the first issue also do not comply with the requirements of *Anders*, because under *Anders*, Counsel was required to state her "reasons for concluding that the appeal is frivolous." *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). We acknowledge that Counsel's brief arguably complied with the requirements of *Turner/Finley* for the remaining two issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dajaun Saunders,                              :
                Petitioner       :
                                        :
        v.                                 :      No. 248 C.D. 2021
                                          :
Pennsylvania Parole Board,                :
               Respondent       :

## **O R D E R**

AND NOW, this 13th day of April, 2022, the Application to Withdraw as Counsel filed by Sarah B. Stigerwalt-Egan, Esq., is denied without prejudice. Attorney Stigerwalt-Egan has thirty days from the date of this Order to either file (1) a new application to withdraw and an amended no-merit letter, or (2) an advocate's brief on the merits of one or more issues raised in Petitioner's Petition for Review.

                                                  _____
                                                  LORI A. DUMAS, Judge